UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-325 |
| JOSEPH IMPASTATO | SECTION: "K"(2) |

## ORDER

Before the Court is Defendant's Motion to Strike Forfeiture Allegations (Rec. Doc. 140) ("Mot.") and the corresponding opposition by the United States (Rec. Doc. 160) ("Opp."). The Defendant, Joseph Impastato, has been charged with allegations of federal program fraud, Hobbs Act extortion, and money laundering. Incorporated into the Second Superseding Indictment are notices of criminal forfeiture based on the fraud, extortion, and money laundering counts. Second Superseding Indictment at 26-31 (Rec. Doc. 79) ("Indictment"). The present motion centers on transactions that allegedly occurred between Defendant Impastato and Lee Mauberret, a government witness. The indictment alleges that Mauberret paid the Defendant money in the form of cashier's checks after the Defendant threatened Mauberret. Mauberret, however, was acting under the direction of agents of the Federal Bureau of Investigations (FBI). After Mauberret passed the checks to the Defendant, the Defendant was arrested and the checks found on his person. The present motion by the Defendant centers on the source of the funds that were used to issue the cashier's checks and the relevance of that information to the criminal and forfeiture proceedings. The Court has considered these briefs, the applicable law, and is prepared to rule.

1

## I. Striking of Forfeiture Allegations

The Defendant has moved to have two of the forfeiture charges stricken from the indictment, or alternatively to have the trial bifurcated between guilt and forfeiture phases. Mot. at 1. Defendant first claims that two forfeiture counts should be stricken because they are "deficient, overreaching and prejudicial." Mot. at 2. He alleges that these forfeiture counts seek funds that he allegedly received from a witness who was working as a governmental agent. Because the money (a cashier's check) was likely government funds, and because the Defendant never cashed the check (in fact he was arrested in possession of the check), therefore the Government cannot seek forfeiture because "it already has [the money]." Mot. at 3. The Defendant further notes that the federal program fraud and the extortion forfeiture counts allege forfeiture in the amount of $1,000,000.00, a sum that he calls "outrageous" and "bearing no relationship to the allegations in the indictment or, as discovery has thus far revealed, to any conceivable evidence in the case." Mot. at 3. The amount alleged must correspond to the actual proceeds from the crime, and because the amounts alleged in the two aforementioned counts are well beyond the facts of the case, the Defendant claims they should be stricken.

In analyzing this issue, it appears clear that the Defendant's motion is premature. As pointed out by the Government, the Defendant is seeking dismissal on a question of fact. Opp. at 6. "The propriety of granting a motion to dismiss an indictment under [Fed. R. Crim. P. 12] by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of facts." *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974). The issues of the source of the funds, whether the defendant still has possession of any funds that are subject to forfeiture, and the total amount of those funds are factual issues that are central to the allegation of forfeiture. Therefore, any resolution at this time

would involve deciding a factual issue that must be left to trial.  *See* Fed. R. Crim. P. 12(b)(2) (allowing pretrial motions by any party "that the court can determine *without a trial of the general issue*") (emphasis added); *Miller*, 491 F.2d at 647 (holding dismissal of indictment to be premature where fact issue was improperly decided pretrial by district judge); *United States v. Dote*, 150 F. Supp. 2d 935, 943 (N.D. Ill. 2001) (denying motion to dismiss forfeiture counts where the parties "simply disagree[d] over how much the net revenues" were that were subject to forfeiture).  Moreover, the Government has not made any specific allegations as to these issues yet, and the charges that the Defendant seeks to eliminate require further development at trial. *See United States v. Alonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) (finding motion to dismiss challenging sufficiency of evidence improper where government had not made "full proffer of the evidence it intends to present at trial" within the indictment).  Therefore, insofar as the Defendant's motion seeks to strike the forfeiture allegations, it will be denied.

## II.  Bifurcation of Guilt and Forfeiture Phases

Defendant Impastato alternatively seeks bifurcation of the guilt and forfeiture portions of the trial.  Mot. at 4.  The Government has agreed that such a course is proper in criminal cases. Opp. at 7.  Indeed, the Fifth Circuit has stated that bifurcation of guilt and forfeiture phases of trial "ease[s] the jurors' task" in deciding issues and "prevents the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or innocence."  *United States v. Cauble*, 706 F.2d 1322, 1348 (5th Cir. 1983).  Therefore, the Court will order that the trial regarding the criminal forfeiture provisions be bifurcated from the guilt phase, with the forfeiture proceedings following immediately after trial with the same jury or, alternatively, with fact finding by the Court should the Defendant waive his jury right.  *See* Fed. R. Crim. P. 32.2(b)(4).

**III.  Discovery of Source and Disposition of Funds**

Lastly, Defendant Impastato requests that the Government turn over any information regarding the source and disposition of the allegedly illegal funds.  The Defendant claims he was arrested in the course of a "classic sting operation," and that therefore the cashier's checks that he was caught carrying were possibly government funds.  He avers that he is entitled to know the source of the funds because, if such funds were indeed provided by the Government, then "there was never a completed offense."  Mot. at 6.  He also alleges that he is entitled to know the disposition of these funds, as they would be relevant to the criminal forfeiture issue.

The Defendant has failed, however, to offer any clear basis on why he is entitled to know the source of the funds.  First, he has not made the required showing that he is entitled to know the source of these funds under *Brady* or any other basis for pretrial discovery in criminal proceedings.  Instead, the Defendant has relied on speculation, which cannot form the basis of a *Brady* claim.  *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Allegations that are merely 'conclusionary' or are purely speculative cannot support a *Brady* claim.") (citations omitted).  Indeed, the Defendant has failed to cite even one statute, case, or other law that entitles him to receive such information.  As admitted by the Defendant, the Government has already allowed the defense counsel to view the relevant cashier's checks that were found on the Defendant during his arrest, thus presumably satisfying the "documents and objects" requirement of Federal Rule of Criminal Procedure 16(a)(1)(E).[1]  The Defendant does not offer any other basis for why

---

[1] Rule 16(a)(1)(E) states, in relevant part:

**(a) Government's Disclosure.**
 **(1) Information Subject to Disclosure.**

. . .

he is entitled to such proof prior to trial.

It is also not clear that the actual source or disposition of the funds used in this matter are necessarily relevant to the Defendant's guilt of the crimes charged. Frequently, the requisite intent needed to commit a crime does not depend on objective fact, but rather the subjective belief of the defendant; therefore, whether the funds used to pay the Defendant were actually from the Government is irrelevant. *See United States v. Perez*, 992 F.2d 295, 297 (5th Cir. 1993) (When a defendant's criminal intent is to launder *drug proceeds*, the defendant's knowledge is not dependent on establishing the actual source of the funds to overcome what was known by the defendant as a fact when he committed the offense.") (emphasis in original). Where the source of these funds is relevant to this case, the Government has plainly set forth in the indictment what the actual source of the funds were. For example, Count Six alleging attempted money laundering states that the Defendant sought to "transfer and receive funds himself that constituted proceeds of a specified unlawful activity, that is, interference with commerce by extortion . . . and soliciting illegal gratuities . . . ." Indictment at 21. The burden of proof during the forfeiture phase is held by the Government, who "must establish the requisite nexus between the property and the offense by a preponderance of the evidence." *United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005) (citations omitted). Again, the Defendant has shown no

---

**(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photography books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

**(i)** the item is material to preparing the defense;
**(ii)** the government intends to use the item in its case-in-chief at trial; or
**(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

entitlement to any further evidence regarding the source or disposition of funds until it is presented during the guilt phase or criminal forfeiture phase at trial.  Based on the Government's representations that it is continuously complying with Federal Rule of Criminal Procedure 16, this Court finds no compelling reason to order further pretrial disclosure.  Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Strike Forfeiture Allegations is **GRANTED IN PART AND DENIED IN PART.**  None of the forfeiture allegations shall be stricken from the indictment.  However, the Defendant's trial shall be bifurcated into a guilt phase and a forfeiture phase.  The forfeiture phase will immediately follow the guilt phase.  The Defendant's request for pretrial discovery of the source and disposition of the funds allegedly forming the basis of the criminal and forfeiture counts is denied.

New Orleans, Louisiana this __7th__ day of February, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**